**Kenneth L. SWAIN, A minor child by Kathy J. LEWIS, next friend, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 03–50332.

**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Oct. 15, 2003.

Mary Ellen Felps, Austin, TX, for Plaintiff–Appellant.

Susan B. Biggs, US Attorney's Office, San Antonio, TX, Roberta Gene Bowie, Social Security Administration Office of General Counsel, Dallas, TX, for Defendant–Appellee.

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM.*

Kenneth Swain, a minor child appearing through his next friend and guardian Kathy Lewis, appeals the affirmance of the Commissioner's denial of reconsideration of the cessation of his disability insurance benefits. He argues that he did not knowingly and intelligently waive his right to be represented by counsel before the administrative law judge (ALJ). As Swain received three written notices advising him of his right to representation and was advised by the ALJ at the hearing of that right as well, he was sufficiently informed of his right to an attorney, and he validly consented to proceed without representation. *See Castillo v. Barnhart,* 325 F.3d 550, 552 (5th Cir.2003).

Swain also asserts that the ALJ's denial of benefits was not supported by substantial evidence and was contrary to law. There was substantial evidence in the record supporting the conclusion that Kenneth's condition had improved from the time that he was found to be disabled and was no longer a disabling condition. *See Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir.1995); 20 C.F.R. § 416.994a(b).

Swain has failed to show that the decision of the ALJ was not supported by substantial evidence or that the ALJ failed to use proper legal standards to evaluate the evidence. The decision of the district court affirming the findings of the Commissioner is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.